FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2024 JUL 22  A 9:52

Taylor

Plaintiff          )
Vs.                )
                   )   # 1:24-cv-00880
Revature LLC.      )
                   )
Defendant          )
_____

# MEMORANDUM OPPOSING DEFENDANT'S MOTION TO DISMISS

## I.  INTRODUCTION

Very respectfully, claim splitting should not be applicable to the case and the claims should be tolled. Inappropriately omitted by Defendant's counsel, when Defendant's counsel wrote that memo- the pending claims in docket of 1:22-cv-1153 ("Docket 1153"), were largely about ethics. The vacatur is related to ethical issues. Although I disagree with Defendant's interpretation of the Honorable Judge Porter's Order, out of good faith to the Defendant and their counsel, on July 18, 2024, I filed the complaint that is pending before this Court on the closed Docket 1153.

Notably, Docket 1153 left the case terminated, ordered me to refile the complaint with a new docket, not simply ordering the Defendant to respond. On my part, there is no attempt to have a 'second bite at the apple' as I haven't really had a first. There is however, the need for a new apple because the Defendant's counsel poisoned the first apple, they should be punished for that,

and the Court should restore my interest. To this date, Defendant's counsel haven't responded to any of the claims pending before this Court under the applicable legal standard.

Not tolling the claims will present a gross and cruel injustice to me. By filing this case, I was following Docket 1153's order in good faith. I have been diligent.

**Objections to Defendant's Procedural History**

I object to the following:

#2, #4, #5, #6, #14, #15,#17

## A Proper Procedural History

The procedural history is a place for factual recitation, not legal argument. This Court should be apprised that a procedural history containing per se factual misrepresentations is one of the potential professional misconduct issues before Docket 1153[1].

AN ACCURATE PROCEDURAL HISTORY

__1__. Plaintiff filed her initial lawsuit on October 13, 2022 asserting five categories of claims against Revature under the ADA: (1) discriminatory discharge; (2) failure to accommodate; (3) retaliation; and (4) unequal terms and conditions; (5) Confidentiality (this docket, pages 22 & 24 Dkt. 1 ).

__2.__ On January 27, 2023, Defendant responded to (1) discriminatory discharge; (2) failure to accommodate; (3) retaliation; and (4) unequal terms. (Docket 1153, Dkt. 9).

__3__. Defendant did not respond to Plaintiff's confidentiality claim on January 27, 2023 and did not request leave to do so. Id.

---

[1]

__4__. On January, 27, 2023 Defendant filed duplicative, identical copies of their motion and memorandum to dismiss all claims, seeking prejudiced dismissal.

__5.__ On January 27, 2023 counsel did not respond to the hostile environment claims, arguing they did not understand what was meant by unequal terms and conditions.

__6__. On February 17, 2023, Plaintiff responded to Defendant's motion to dismiss, arguing hostile environment is a claim derived from unequal terms and conditions.

__7.__ On February 17, 2023, Plaintiff filed an amendment on the requested relief to the initial pleading ( Docket 1153, 17).

__8.__ On February 17, 2023, Plaintiff filed an amendment on the confidentiality claim notating a typo in the initial pleading (Docket 1153, 16).

__9__. On February 23rd, 2023, Defendant responded to Plaintiff's opposition, addressing the hostile environment claim and Confidentiality claim for the first time.

__10.__ On March 1st, 2023, Plaintiff filed a motion seeking leave to amend to create a new pleading based on interference.

__11__. On March 1st, 2023 Plaintiff requested permission to file a sur-reply to Defendant's Motion to Dismiss.

__12__. On March 20, the Court granted Plaintiff's sur-reply request.

__13__. On March 22, 2023, the Court granted Plaintiff permission to add the interference claim.

__14__. On April 3, 2023, Plaintiff filed her sur,-reply to Defendant's initial motion to dismiss.

__15__. On April 5, Defendant filed a SECOND motion to dismiss based on the interference pleading, seeking dismissal with prejudice.

__16__. On April 18, 2023, Plaintiff submitted notice to the Court that she was amending her interference pleading as a matter of course.

__17__. On April 18, Plaintiff submitted an initial response to Defendant's second motion to dismiss.

__18__. On April 24, Defendant responded to Plaintiff's opposition to Defendant's second motion to dismiss.

__19.__ On April 27, Plaintiff mistakenly filed a sur-reply without a formal motion for leave.

__20.__ On April 28, 2023, Plaintiff filed a copy of a letter sent by her to the EEOC, criticizing 'the check box rule', a rule promulgated by Honorable Judge Porter.

__21__. On May 1st, 2023, Defendant filed a motion to strike (1) Plaintiff's sur-reply and (2) Plaintiff's interference amendment. On May 4th, 2023, Plaintiff submitted a motion to strike Defendant's motion to strike.

__22__. On September 28, 2023, The Honorable Judge Alston Jr. Issued an opinion memorandum and Order on all pending motions, dismissing the claims without prejudice, granting Defendant's strike, granting Plaintiff leave to amend her complaint with an order of factual specification within 30 days or to submit appeal to 4th Circuit.

__23__. On October 27, 2023, Plaintiff submitted her amended complaint and did not submit any appeal to the Fourth Circuit.

__24__. On November 13, Defendant submitted an opposition, arguing the new pleading remained futile.

__25__. On November 20, 2023 Plaintiff responded to Defendant's opposition, arguing the new pleading was not futile.

__26__. On May 15, 2024, the Court ruled in Plaintiff's favor, left the case terminated, and instructed Plaintiff to refile the same document in a new docket.

__27__. On May 24, 2024, Plaintiff filed the Complaint on this docket.

__28__. On May 24, Plaintiff filed a motion on Docket 1153 asking the Court to partially or fully vacate the Memorandum Opinion From September 28, 2023.

__29__. On May 24, Plaintiff filed a motion on Docket 1153 seeking disciplinary enforcement order for Defendant's counsel.

__30.__. On June 7th, 2024, Defendant opposed vacatur and disciplinary enforcement , and acknowledged the filing in this docket.

__31.__ On June 12, 2024, Plaintiff responded to Defendant's opposition on vacatur and disciplinary enforcement.

__32__. On June 21,2024 Plaintiff served Defendant with this instant lawsuit.

___33.On July 12, 2024, Defendant moved to dismiss the Complaint before this Court.

__34.__ On July 18, 2024, Plaintiff filed a copy of the Complaint before this Court on Docket 1153, apprising the Court of Defendant's objections to this instant case.

__35__. On July 22, 2024, Plaintiff submitted this response explaining her objections to claim splitting and time bar.


Although this procedural history is quite long, it critically contains only facts. Unlike Defendant's procedural history, it does not blur the line between legal argument and factual recitation. My procedural history maintains a clear distinction between what is fact and what is argument, also does not make per se misrepresentation, unlike the work of Defendant's counsel. This Court should be apprised Defendant has doubled down on per se misrepresentations even after receiving notice of potential misconduct in Docket 1153.

## II. AGRUMENT

### A. Defendant cannot successfully assert the defense of claim-splitting because the claims were filed in good faith of the Honorable Magistrate Judge Porter's Order.

Claim splitting is not applicable here if Docket 1153 doesn't decide the ADA claims. I informed Docket 1153 of this filing and my understanding of their order. Vacatur, nor disciplinary enforcement, nor the procedural substance of FRCP Rule 15, or Local Rule 7- none of that is pending before this Court. Those are the issues pending before Docket 1153.

I apprised Docket 1153 of my interpretation for their order and plans on the same day I filed this case. The Complaint before this Court was filed in good faith of the Honorable Magistrate Judge Porter and is purely about the ADA.

As best can be discerned, Defendant expects this Court to accept an inappropriately reductive and strict definition for "new docket entry". Additionally, accepting the Defendant's purported arguments would force the Court to ignore critical, indisputable facts.

The important facts concern the following: (1) the Porter Court left the case terminated, even after the May 15, 2024; (2) the May 15, 2024 order did not specify a number of days for Plaintiff to comply with the new file.

**(3)   Perhaps most significantly, if the order was meant for  Docket 1153, why should I have to refile a document that was already filed and approved?  Seems like asking me to refile on that same docket, when they could have just ordered the Defendant to respond, would be a violation of my right to be heard  without unnecessary delay.**

An indisputable fact- the Complaint that is before this Court was filed in its entirety with Docket 1153 on 10/27/23 and Docket 1153 didn't rule until 5/15/24. Nearly seven months

passed, but I was supposed to refile on that same docket, for what reason? Why wouldn't Docket 1153 simply order Defendant's to respond?

**Very respectfully, I don't think Docket 1153 would ignore Canon 3(A)(5) but not ordering a response from Defendant on May 15, 2024 speaks otherwise, if they intended that I refile on that same docket. See the Guide to Judiciary Policy, Vol. 2A, Ch. 2, on page 10.**

    B. **My claims should not be time barred because it would cause a gross and cruel injustice to me**.

Defendant's counsel left out an important word when discussing the Fourth Circuit rule on tolling. That is the word "automatically". The actual rule is that ~~prejudiced~~ *without prejudiced* dismissals for discrimination cases don't *automatically* toll. There are circumstances where tolling is appropriate and that too is well defined.

To apply equitable tolling, a party must show: (1) they diligently pursued their rights, but (2) an extraordinary circumstance prevented them from timely filing their claim. *CVLR Performance Horses, Inc. v. Wynne*, 792 F.3d 469, 476 (4th Cir. 2015).

**I diligently pursued my rights with the following :**

I filed the initial suit within the 90 day window of receiving the right to sue letter. There is no brief, explanation, or amendment requested of me that I failed to file. When I was given the option to amend, I did so. Once the amendment was subsequently granted, the case remained closed on May 15, 2024. Given there was no order for Defendant to respond, even though they already had notice of the amended complaint's contents. I filed this action a mere 9 days later on May 24, 2024.

I did once request an extension of time on Docket 1153 but that was only once and it was a short amount of time. Even though it's been a financial and professional hardship for me to

continue pursuing this case, I have been diligently pursuing this for almost two years, making timely filings and checking ECF nearly everyday.

**The extraordinary circumstances that prevented these claims from being timely**:

   Defendant's counsel failed to disclose controlling precedent that was directly adverse to their client's position. I repeatedly wrote to the Court that the Defendant's argument was frivolous and eventually filed a brief on the issue of candor, amongst other issues. I filed the motion for disciplinary enforcement finally because Defendant's filings reached a per se violation point. This was when Defendant relied on the case of *Rohan* as the only citation, an inappropriate citation for the procedural posture- it's not even a motion to dismiss case, not to mention the legal reasoning is Pre- ADAA.

   *However, many times prior to Defendant relying only on Rohan, I repeatedly mentioned to the Court that the Defendant's argument was frivolous. This speaks to my diligence but also to the extraordinary circumstance. How common is it for an ADA case to be analyzed under pre-ADAA standards since the passage of the ADAA?*

   Although Defendant's failed to show the Court necessary candor, there is an argument that Docket 1153 similarly didn't fulfill Canon 3(A)(5) with respect to the Guide to Judiciary Policy, Vol. 2A, Ch. 2, on page 10, specifically regarding the May 15, 2024 order.

   Although the May 15, 2024 order was favorable to me, it served only to delay the case by not ordering Defendant to respond, as Defendant already had 7 months notice at that point. In my opinion, there's no legitimate reason I should've had to re- file a document that was already on the docket. Very respectfully, there was no need for the superfluous delay of Defendant's response. This is an extraordinary circumstance and has manifested injustice to me.

If they didn't want me to file a brand new case then why go through the administrative waste of having a clerk collect the amended complaint, and a case manager to review the amended complaint, when the thing in its entirety was already on the docket and they approved it? Not to mention the time/money burden on me to reprint and travel to the Court. The order from May 15, 2024 served only to further delay the case in a way that caused unnecessary delay.[2]

### III. CONCLUSION

Claim splitting should not be applicable to the case and the claims should be tolled. What's pending before this Court is pure ADA. What's pending before Docket 1153 is technical aspects of vacatur, technical aspects of FRCP 15, Local Rule 7, and various ethical issues including but not limited to using an inapplicable standard of law when it comes to the difference between summary judgment post lengthy discovery and a motion to dismiss Pre- discovery. Very respectfully, the claims should not be time barred because I filed this case based on Docket 1153's order.

Please deny Defendant's motion to dismiss and issue whatever other relief this Court sees fit. I will file a copy of this document as a notice on Docket 1153 on the same day I file this response to this Court.

---

[2] Not to mention there's new potential issues of Defendant's counsel misrepresenting the full context of what is pending before the Court by omitting the disciplinary enforcement motion.

## CERTIFICATES

### A. Truthfulness

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and Plaintiff served Defendant with a copy of this document on the same day.

### B. Ghost Writing

I certify under penalty of perjury under the laws of the United States of America, pursuant to Local Rule 83.1(M), no attorney has prepared, or assisted me in the preparation of this document.

Date: July 22, 2024

Very Respectfully,

Printed Name: Danielle Taylor

Signed Name: _____