IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **DANIELLE TAYLOR** | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) Case No. 1:24-cv-00880-PTG-LRV |
| **REVATURE LLC** | ) ) ) |
| *Defendant.* | ) ) ) |

### REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Edward Lee Isler, Va. Bar No. 27985
Micah E. Ticatch, Va. Bar No. 83351
ISLER DARE, P.C.
1945 Old Gallows Road. Suite 650
Vienna, Virginia 22182
Phone: (703) 748-2690
Facsimile: (703) 748-2695
eisler@islerdare.com
mticatch@islerdare.com

*Counsel for Defendant Revature LLC*

As noted in Defendant Revature LLC's ("Revature") initial Memorandum in Support of its Motion to Dismiss (Dkt. 6), Plaintiff's action is subject to dismissal because it violates the rule against claim-splitting and is otherwise time-barred.  As briefly described below, Plaintiff's Memorandum Opposing Defendant's Motion to Dismiss (Dkt. 10) ("Opposition") provides no argument that would alter the analysis, and the Court should therefore grant Revature's Motion to Dismiss.

A. **Plaintiff's Claim Must Be Dismissed under the Rule Against Claim-Splitting.**

As previously stated, under the rule against claim-splitting, a plaintiff cannot maintain two lawsuits the arise out of the same transaction.  In such cases a "second suit will be <u>barred</u> if the claim involves the <u>same parties</u> and arises out of the <u>same transaction</u> or series of transactions as the first claim." *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 273 F. App'x 256, 265 (4th Cir. 2008) (emphasis added).

Plaintiff's claims in this matter are clearly covered by that rule, as the instant case involves the same parties and is based on the same employment conduct as *Taylor v. Revature LLC*, 1:22-cv-1153-RDA-WBP (E.D. Va.) ("*Taylor I*").  In fact, as noted by Plaintiff in her Opposition, she has now filed the <u>exact same</u> complaint in *Taylor I* as she filed in this matter.  (*See* Opposition at 1; *Taylor I*, Dkt. 55.)  Quite obviously, Plaintiff cannot maintain two actions asserting the same claims against the same defendant at the same time.

In her Opposition, Plaintiff does not put forward any legal argument that would avoid dismissal under the claim-splitting rule.  Instead, Plaintiff argues that her filing of this action was brought in "good faith" based on her own interpretation of the Order (*Taylor I,* Dkt. 44) granting her leave to amend her complaint in *Taylor I*.

1

However, while the question of Plaintiff's "good-faith" may be relevant to a question of whether she should be sanctioned by the Court for her improper filing,[1] it has no relevance to the application of the rule against claim-splitting. Because that rule clearly applies to this matter, the Court must dismiss this action.

B.  **Alternatively, Plaintiff's Claims Must be Dismissed as Time-Barred.**

As noted in its initial Memorandum, Plaintiff can only avoid dismissal under the rule against claim-splitting if she demonstrates that the instant case arises from different facts and circumstances than *Taylor I*. However, even if she could make such a showing, it would doom the instant action for a separate reason — because it was filed long after 90-day limitations period had run from her receipt of the Right to Sue notice. *See, e.g.,* 42 U.S.C. §§ 2000e-5(f)(1), 12117; *Hill v. SJV, LLC*, 2017 WL 1102640, at *3 (E.D. Va. 2017); *Feliciano v. Reger Grp.*, 2014 WL 6685412, at *3 (E.D. Va. 2014).

In her Opposition, Plaintiff argues that the limitation period does not apply to her under principles of equitable tolling, citing her efforts to litigate the *Taylor I* case. But this appears to miss the point. The only way for Plaintiff to avoid dismissal for claim-splitting is to show that this matter is factually distinct from *Taylor I*. However, if that were the case, then Plaintiff's efforts to litigate *Taylor I* would not be a relevant excuse for failing to file the allegedly separate and distinct claims asserted in this action.

Thus, it remains the case that to the extent this case is not subject to dismissal for claim-splitting, it would be subject to dismissal as time-barred.

---

[1] Notably, Revature has not asked the Court to sanction Plaintiff, proceeding *pro se,* for her duplicative filing.

## **CONCLUSION**

For the reasons stated above and in the original Memorandum in Support, this action should be dismissed.

Dated: July 29, 2024

Respectfully submitted,

/s/ Micah E. Ticatch
Edward Lee Isler, Va. Bar No. 27985
Micah E. Ticatch, Va. Bar No. 83351
ISLER DARE, P.C.
1945 Old Gallows Road. Suite 650
Vienna, Virginia 22182
Phone: (703) 748-2690
Facsimile: (703) 748-2695
eisler@islerdare.com
mticatch@islerdare.com

*Counsel for Defendant Revature LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of July 2024, I provide the foregoing by electronic mail to the following:

>Danielle Taylor
>3622 Old Silver Hill Road, #908
>Suitland, MD 20746
>t842202@gmail.com

>/s/ Micah E. Ticatch
>Micah E. Ticatch
>ISLER DARE, P.C.
>1945 Old Gallows Road. Suite 650
>Vienna, Virginia 22182
>Phone: (703) 748-2690
>Facsimile: (703) 748-2695
>mticatch@islerdare.com
>
>*Counsel for Defendant Revature LLC*

4