IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DANIELLE TAYLOR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:24-cv-00880 (RDA/LRV) |
| REVATURE LLC, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on: (i) Defendant Revature LLC's ("Defendant") Motion to Dismiss (Dkt. 5); (ii) Plaintiff Danielle Taylor's ("Plaintiff") Motion to Amend (Dkt. 23); and (iii) Plaintiff's Motion for Recusal (Dkt. 27).[1] The Court has dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Loc. Civ. R. 7(J). This matter has been fully briefed and is now ripe for disposition. Having considered the Motions, together with the Complaint (Dkt. 1), Defendant's Memorandum in Support of the Motion to Dismiss (Dkt. 6), Plaintiff's Opposition (Dkt. 10); Defendant's Reply (Dkt. 14); Plaintiff's Sur-Reply (Dkt. 22); Plaintiff's Memoranda in Support of her Motions (Dkts. 24, 28); and Defendant's Response to the Motion to Amend (Dkt. 26), the Court DENIES Plaintiff's Motion for Recusal (Dkt. 27), GRANTS Defendant's Motion to Dismiss (Dkt. 5), and DENIES Plaintiff's Motion to Amend (Dkt. 23) for the reasons that follow.

---

[1] Plaintiff is proceeding *pro se* in this action.

1

## I. BACKGROUND

### A. Factual Background

Plaintiff's allegations here mirror allegations made in a similar filing in *Taylor v. Revature, LLC*, No. 1:22-cv-1153 (E.D. Va.) ("*Taylor I*").[2] Because of the overlap between the two cases, the Court draws some of its summary of the facts at issue here from its prior Memorandum Opinion and Order in *Taylor I*. *Taylor I*, Dkt. 38.

Plaintiff is a software developer who was employed by Defendant from July 2020 until November 2021. *Taylor I*, Dkt. 38 at 1. Plaintiff alleges that she has a disability "that restricts her ability to communicate and specifically impairs her use of vocal speech." Dkt. 1-1 at 1. In her Complaint, Plaintiff alleges a litany of grievances arising against Defendant from her final five months of employment with them. Construing Plaintiff's *pro se* pleadings liberally, Plaintiff filed this instant action asserting several claims against Defendant under the Americans with Disabilities Act of 1990 (the "ADA") including: (1) discriminatory discharge; (2) failure to accommodate; (3) retaliation; (4) hostile environment; and (5) "interference." Dkt. 1-1 at 9-14.

Defendant is an information technology provider that staffs its clients with software programmers. *Taylor I*, Dkt. 38 at 2. Employees at Defendant undergo a 10 – 12-week training period prior to being placed with one of Defendant's corporate clients. *Id.* After the training period, employees are then assigned to one of Defendant's corporate clients. *Id.* If there are no client assignments available, Defendant may place employees on the "Bench." *Id.* When employees are placed on the Bench, they remain on pay status but are paid at a lower rate. *Id.*

Plaintiff began working for Defendant in July 2020 and completed her initial training period in September 2020. Dkt. 1-1 at 1. During this training period, Plaintiff communicated with Defendant through a combination of oral and written communication. *Id.* After noticing that Plaintiff "was partially using text to speak instead of vocal speech," Defendant informed Plaintiff that they would consider "100% text

---

[2] Plaintiff's factual allegations here are drawn from her attachment to her Complaint. Dkt. 1-1. That attachment was also filed in *Taylor I*. *Taylor I*, Dkt. 39-1.

2

communication" as a signal that "Plaintiff was unable to work in the field." *Id.* Following the completion of her training period, Plaintiff underwent a brief staging period before being placed with one of Defendant's clients on November 9, 2020. *Id.* at 2. Defendant's client assigned Plaintiff to a one-year training period. *Id.* Plaintiff worked for the client until July 2021, when the Project was terminated. *Id.* Plaintiff alleges that her termination by the client was the result of discriminatory conduct after she had expressed her preference to communicate with the client primarily through written communication. *Id.* Plaintiff was subsequently placed back under the direct supervision of Defendant and on July 30, 2021, she was placed on the Bench. *Id.* at 2.

Plaintiff appears to take issue with Defendant's handling of her request for disabilities and request for accommodations in the workplace. In July 2021, Plaintiff alleges that her manager described her medical condition as a "problem." *Id.* at 3. Plaintiff assured her manager that she could do her job and requested that she be permitted to communicate in writing or text-to-speech. *Id.* Plaintiff alleges that Defendant did not respond to her emails concerning accommodations until August 23, 2021, and that her manager had repeatedly referred to her disability as a "problem." *Id.* at 4.

Plaintiff alleges that she felt as if she had been terminated in August 2021 because of the failure of Defendant to respond to her requests or other emails. *Id.* at 4. Plaintiff also stopped submitting her hours worked to Defendant. *Id.* In September 2021, Plaintiff reached out to human resources with Defendant to explain that Plaintiff had no work schedule, that her portfolio was unapproved, and that she had not heard back regarding her requested accommodation. *Id.* at 5. On September 8, 2023, Plaintiff received reasonable accommodation forms. *Id.*

On September 23, 2021, Plaintiff received a performance deficiency notice. *Id.* Plaintiff responded and expressed her frustration with management. *Id.* On September 29, 2021, Plaintiff received a communication from management that this would be the last time management would follow up about her accommodation request and indicating the need for further information. *Id.* Plaintiff responded that she did not wish to submit medical information over email and that she "wasn't comfortable sharing more information until Plaintiff's complaints about hostility from management were addressed." *Id.* at 5-6.

3

On October 1, 2021, Plaintiff's pay was reduced by 32 hours "for the pay period of 9/20/21." *Id.* at 6. In October 2021, after conducting a practice interview for another project with one of Defendant's employees using a voice enhancer microphone, Plaintiff was informed that she would not be interviewing for the position. *Id.* In November 2021, Plaintiff was terminated. *Id.* at 7. Plaintiff then filed a complaint with the Equal Employment Opportunity Commission (the "EEOC"). *Id.* at 8. The EEOC subsequently issued a right-to-sue letter that resulted in the filing of *Taylor I*. *Id.*

B. Procedural Background

Plaintiff filed an initial Complaint in this Court on October 13, 2022, against Defendant in *Taylor I*. *Taylor I*, Dkt. 1. After briefing was completed on a motion to dismiss in *Taylor I*, this Court issued a Memorandum Opinion and Order, in which the Court granted Defendant's Motion to Dismiss and dismissed Plaintiff's Complaint without prejudice. *Taylor I*, Dkt. 38. Nonetheless, the Court permitted Plaintiff to file an Amended Complaint within 30 days of the entry of that Order. *Id.* On October 27, 2023, Plaintiff filed her Motion to Amend with a Proposed Fourth Amended Complaint, which the Magistrate Judge granted on May 15, 2024, and directed Plaintiff to "file her Amended Complaint with the Clerk's office as a new docket entry." *Taylor I*, Dkt. 44.

On June 18, 2024, Plaintiff filed a new case asserting the same complaints as compiled in *Revature I*. Dkt. 1. Indeed, the Complaint and attachment in this case mirror the proposed amended complaint filed in *Taylor I*. *Comp.* Dkt. 1-1 *with Taylor I*, Dkt. 39-1. On July 12, 2024, Defendant filed a Motion to Dismiss Plaintiff's Complaint. Dkt. 5. On July 22, 2024, Plaintiff filed her opposition to the Motion to Dismiss. Dkt. 10. On July 29, 2024, Defendant filed its Reply. Dkt. 14.

Thereafter, on August 5, 2024, Plaintiff requested Leave of Court to file a sur-reply to the Motion to Dismiss. Dkt. 16. On November 11, 2024, this Court granted Plaintiff Leave of Court to file a sur-reply, which Plaintiff filed on December 4, 2024. Dkts. 21, 22. On the same day, Plaintiff filed a Motion to Amend and supporting Memorandum seeking to: (1) change the Defendant, removing Revature and adding this District Court as a party; and (2) assert due process claims this District Court. Dkts. 23, 24. On

December 10, 2024, Defendant Revature filed a Response to Plaintiff's Sur-Reply and Motion to Amend. Dkt. 26.

On December 13, 2024, Plaintiff filed a Motion for Recusal and Memorandum in Support. Dkts. 27, 28.

## II.  STANDARD OF REVIEW

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). To be sure, "the court 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (*quoting Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)). Typically, "courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion." *Linlor v. Polson*, 263 F. Supp. 3d 613, 618 (E.D. Va. 2017) (*citing Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015)).

Mindful that Plaintiff is proceeding *pro se*, this Court liberally construes her filings. *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014). "This principle of liberal construction, however, had its limits." *Suggs v. M&T Bank*, 230 F.Supp.3d 458, 461 (E.D. Va. 2017), *aff'd sub nom. Suggs v. M&T Bank*, 694 F. App'x 180 (4th Cir. 2017). A *pro se* plaintiff must allege facts sufficient to state a cause of action. *Bracey v. Buchanan*, 55 F.Supp.2d 416, 421 (E.D. Va. 1999). The Court also cannot act as a *pro se* litigant's "advocate and develop, *sua sponte*, statutory and constitutional claims that the [litigant] failed to clearly raise on the face of [the] complaint." *Newkirk v. Circuit Ct. of Hampton*, No. 3:14-cv-372, 2014 WL

5

4072212, at *1 (E.D. Va. Aug. 14, 2014); *see also Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## III.   ANALYSIS

Because Plaintiff challenges this Court's ability to impartially preside over this case, the Court first addresses Plaintiff's Motion for Recusal. As discussed further below, because there is no risk of bias and because no party could reasonably question this Court's impartiality, the Court will deny that Motion. Having determined that recusal is inappropriate, the Court will next address the Motion to Dismiss and the Motion to Amend.

### A.   Motion to Recuse

As a threshold matter, the Court must consider Plaintiff's Motion to Recuse. Pursuant to 28 U.S.C. § 455, Plaintiff argues that this District Judge should recuse himself because he has "personal knowledge of the proceeding from 1:22-cv-1153" or *Taylor I*. Dkt. 28 at 2. Plaintiff also complains that this District Judge terminated a hearing on the Motion to Amend before the Magistrate Judge. Dkt. 28 at 2.

Two federal statutes, 28 U.S.C. § 144 and 28 U.S.C. § 455, address the potential disqualification of federal judges from matters pending before them. Section 455(a) provides that a judge "shall disqualify [himself] in any proceeding in which [his] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Similarly, under Section 455(b)(1), a judge must disqualify himself if he "has a personal bias or prejudice concerning a party."[3] In analyzing Section 455, the Fourth Circuit has explained that "a judge must possess neither actual nor apparent bias against a party." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (internal quotation marks omitted). The standard for recusal is an objective one, which "asks whether the judge's impartiality might be questioned by a reasonable, well-informed observer who 'assesses all the facts and circumstances.'" *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998) (quoting *United States v. Sellers*, 566 F.2d 884, 887 (4th Cir. 1977)); *see also Kolon Indus., Inc. v. E.I. du*

---

[3] 28 U.S.C. § 144 would provide a similar basis for recusal but would require the filing by Plaintiff of "a timely and sufficient affidavit." 28 U.S.C. § 144. Plaintiff has filed no such affidavit here and does not purport to rely on Section 144. Nevertheless, the Court has also considered Section 144 and determined that the analysis would be the same and would not require recusal of this District Judge.

*Pont de Nemours & Co.*, 846 F.Supp.2d 515, 521-22 (E.D. Va. 2012) (explaining that in amending Section 455 in 1974, "Congress emphasized that [Section 455] [does] not permit recusal unless the parties present[] a reasonable basis for disqualification"). A decision in favor of recusal that lacks a factual basis satisfying the requisite objective inquiry is improper, because a "judge is as much obliged not to recuse himself when it is not called for as he is obliged when it is." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988); *United States v. Glick*, 946 F.2d 335, 337 (4th Cir. 1991). The delicate balance in "recusal decisions reflect[s] not only the need to secure public confidence through proceedings that appear impartial, but also the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judgment more to their liking." *Belue v. Leventhal*, 640 F.3d 567, 574 (4th Cir. 2011) (internal quotation marks omitted).

Here, Plaintiff's Motion plainly fails. To begin with, this District Judge does not have "personal knowledge" of the proceedings that form the basis for this litigation; namely, Plaintiff's employment with Defendant. Rather, this District Judge's only source of knowledge is the pleadings in this case and *Taylor I*. As the Fourth Circuit has recognized, to be the basis for recusal, "the nature of the judge's bias must be personal and not judicial." *Shaw v. Martin*, 733 F.2d 304, 308 (4th Cir. 1984); *see also In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987). Moreover, courts of appeals recognize that "[e]vents occurring in the course of judicial proceedings generally do not constitute a basis for recusal unless they indicate that the judge has a deep-seated favoritism or antagonism that would make fair judgment impossible." *United States v. Conte*, 99 F.3d 60, 65 (2d Cir. 1996). Thus, Plaintiff's claim that this District Judge should recuse himself based on personal knowledge of the case from *Taylor I* is inaccurate because knowledge of *Taylor I* is not "personal knowledge" and legally not a basis for recusal. *See United States v. Parker*, 742 F.2d 127, 129 (4th Cir. 1984) (finding that "a judge is not disqualified because his familiarity with the facts of a case stem from his judicial conduct in presiding over earlier proceedings"). Accordingly, the Motion will be denied.

To the extent Plaintiff bases her Motion for Recusal on her professed intent to substitute "the Court" as a Defendant, that too does not provide a basis for this District Judge to recuse. To begin with, Plaintiff does not profess any intent to name this District Judge, but rather attempts to name the Eastern District of

7

Virginia as a Defendant. Moreover, the basis for any such suit would be the proceedings in *Taylor I*, which again provide no basis for recusal. Finally, the Fourth Circuit has summarily rejected such a basis for recusal because a "per se rule of disqualification would allow litigants to judge shop by filing a suit against the presiding judge." *United States v. Watford*, 692 F. App'x 108, 110 n.1 (4th Cir. 2018); *United States v. Owens*, 902 F.2d 1154, 1156 (4th Cir. 1990) (noting that parties "cannot be allowed to create the basis for recusal by their own deliberate actions" as "[t]o hold otherwise would encourage inappropriate 'judge shopping'"); *Jones v. Pittsburgh Nat. Corp.*, 899 F.2d 1350, 1355–56 (3d Cir. 1990) (finding recusal not required after litigant filed a judicial complaint against presiding judge); *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him."); *United States v. Nabaya*, 2017 WL 3880660, at *3 n.8 (E.D. Va. Sept. 5, 2017) (denying recusal motion based on lawsuit filed by defendant against the presiding trial judge); *Meyers v. United States*, 2021 WL 4055466, at *1 n.1 (W.D. Va. May 21, 2021) ("Meyers cannot obtain the recusal of judges merely by naming them as defendants or accusing them of misconduct."). Accordingly, Plaintiff's suggestion that she intends to sue the Eastern District of Virginia based on purported due process violations related to the proceedings in *Taylor I* also does not provide a basis on which to recuse.[4]

Nor is there any reasonable basis on which this District Judge's impartiality "might be questioned by a reasonable, well-informed observer who 'assesses all the facts and circumstances.'" *DeTemple*, 162 F.3d at 286. Here, Plaintiff has no factual basis to support recusal beyond vague assertions of impropriety stemming from this District Judge presiding over a related proceeding. This record would not afford the basis for an objective observer to reasonably question the presiding judge's impartiality, much less to believe that the presiding judge engaged in any disqualifying circumstances warranting recusal under

---

[4] To the extent that Plaintiff's Motion rests on the cancellation of a hearing on the Motion to Amend, this also fails to demonstrate bias. Plaintiff has no entitlement to oral argument on her motion. Fed. R. Civ. P. 78(b); Loc. Civ. R. 7(J). Moreover, Plaintiff does not offer any basis why the cancellation of the hearing should be viewed as a basis for recusal. Dkt. 28 at 2. Indeed, the hearing was cancelled purely for reasons of judicial economy and efficiency. Given the pendency of the Motion to Dismiss, it made sense for this District Judge to resolve both the Motion to Dismiss and the Motion to Amend at the same time. Thus, here too, there is no basis to recuse.

8

Section 455. Indeed, motions for recusal such as this are routinely denied. *See Valerino v. Holder*, No. 1:14-cv-89, 2014 WL 11512361, at *1-2 (E.D. Va. July 24, 2014) (denying motion for recusal of all judges in the Eastern District of Virginia where plaintiff did not present clear examples of partiality or bias to support recusal); *Kolon Industries, Inc.*, 846 F.Supp. 2d at 532 (denying motion for recusal where only basis for recusal was the judge's prior involvement in a tangentially-related case). So too here, the Motion to Recuse will be denied.

B. Motion to Dismiss

Having determined that recusal is not warranted, the Court next considers Defendant's Motion to Dismiss. In support of its Motion to Dismiss, Defendant contends that Plaintiff's Complaint constitutes impermissible claim splitting and, in the alternative, is untimely. In response, Plaintiff asserts that she did not engage in claim splitting and that equitable tolling applies to render her claims in this case timely. The Court will address each argument in turn.[5]

1. Plaintiff's Complaint Constitutes Impermissible Claim Splitting

It is undisputed that it is within a district court's power to stay or dismiss a suit that is duplicative of another federal court suit. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts, . . . the general principle is to avoid duplicative litigation."). In general, the rule against claim splitting bars a second lawsuit: (i) that "arises out of the same transaction or series of transactions" as a previous lawsuit; and (ii) that "involves the same parties." *Sensormatic Sec. Corp. v. Sensormatic Elec. Corp.*, 273 F.App'x. 256, 265 (4th Cir. 2008). The rule against claim splitting operates like claim preclusion in that a second claim should be dismissed if it would be precluded were the first asserted claim reduced to a final judgment. *See Katz v. Gerardi*, 655 F.3d 1212, 1218 (10th Cir. 2011). Here, Plaintiff's discrimination lawsuit arises out of the same series of transactions as *Taylor I* and is

---

[5] Given the Motion to Amend, it appears that the Motion to Dismiss may be moot, because Plaintiff has signaled her intent to "change the Defendant, removing Revature and adding the Eastern District of Virginia Court as a party." Dkt. 23. Although this would certainly seem to indicate that Plaintiff concedes that her claims against Defendant should be dismissed, the Court will nonetheless analyze and rule on the merits of the Motion to Dismiss given Plaintiff's *pro se* status.

asserted against the same Defendant. Indeed, the operative Amended Complaint in *Taylor I* and the operative Complaint here are exactly the same. *Comp.* Dkt. 1-1 *with Taylor I*, Dkt. 55-1 & 55-2. As Defendant sensibly points out, Plaintiff cannot maintain two actions asserting exactly the same claims against the same Defendant at the same time.

In her Opposition, Plaintiff does not put forth any argument that her claims here are different from the claims that she has maintained in *Taylor I*. Rather, Plaintiff asserts her good faith and her confusion regarding the Order in *Taylor I* directing her to file an Amended Complaint. Dkt. 10.[6] Although the Court does not doubt that Plaintiff was attempting to comply with Court instructions, this does not mean that Plaintiff can avoid the dismissal of this secondary and duplicative case. Accordingly, the Court will grant the Motion to Dismiss on the basis of impermissible claim splitting.

### 2. Plaintiff's Claims Are Time-Barred

Defendant also argues that, even if Plaintiff has not impermissibly engaged in claim-splitting, this second action is time-barred. Pursuant to 42 U.S.C. § 2000e-5(f)(1), the ADA requires a plaintiff to file suit within ninety days of receiving a right to sue notice from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1) ("[w]ithin ninety days after giving of such [right to sue] notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved . . ."). This ninety-day period has been strictly construed and, absent waiver, estoppel, or equitable tolling, a lawsuit filed in excess of the ninety-day period will be dismissed. *Moyer v. Shirley Contracting Co., LLC*, No. 1:21-cv-46, 2021 WL 3671187, at *4 (E.D. Va. Aug. 18, 2021) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 392-93 (1982)). To qualify for equitable tolling, a plaintiff must demonstrate that: (1) she diligently pursued her rights; and (2) extraordinary circumstances prevented her from timely filing her claims. *CTS Corp. v. Waldburger*, 134 S. Ct. 2175, 2183 (2014). As the Fourth Circuit has instructed "[e]quitable tolling is a

---

[6] Plaintiff indicates that she was confused because Magistrate Judge Porter instructed her to file her Amended Complaint as a "new docket entry," but, until a new Amended Complaint was filed, the docket reflected that the case was closed because all of the claims from the original Complaint were dismissed. Dkt. 22.

10

narrow limitations exception" and should be found sparingly. *Olson v. Mobil Oil Corp.*, 904 F.2d 198, 201 (4th Cir. 1990).

Here, Plaintiff received her notice of the right to sue on June 21, 2022, and filed this second lawsuit on June 18, 2024. In total, there was a break of 728 days between Plaintiff's receipt of her notice and filing of this suit. Thus, there can be no dispute that Plaintiff's claims in this action are untimely unless equitable tolling applies here – which it does not. Plaintiff's claim of equitable tolling primarily fails because Plaintiff did timely file her claims in *Taylor I*. The existence of that litigation reveals that Plaintiff had the means to pursue, did pursue, and is pursuing those claims already. Plaintiff has diligently pursued her rights in *Taylor I*; therefore, Plaintiff cannot take advantage of equitable tolling to institute a second action based on the same underlying claims filed well after the 90-day deadline. Accordingly, the Court also finds that this second action is time-barred and will grant the Motion to Dismiss on this basis as well.

### C. Motion to Amend

Perhaps anticipating that the Court would dismiss her claims in this action, Plaintiff has also moved to amend her Complaint to substitute this District Court as the defendant and to "remov[e] Revature." Dkt. 23. Although leave to amend should ordinarily be "freely given when justice so requires," Fed. R. Civ. P. 15(a), a district court is not required to permit amendment where it would be prejudicial, there has been bad faith, or the amendment would be futile. *HCMF Corp. v. Allen*, 238 F.3d 273, 276-77 (4th Cir. 2001). Here, Plaintiff's proposed amendment is clearly futile.

To begin with, courts have long recognized that, where a proposed amendment is "an assertion of a separate and distinct claim, based on a totally different set of operative facts, then amendment is not properly granted." *Black & Decker, Inc. v. Greenfield Indus., Inc.*, 1991 WL 239121, at *2 (D. Md. Nov. 4, 1991). Rather than amend her claims here, Plaintiff seeks to institute an entirely new claim against a brand-new defendant. Further, a motion to amend is futile where a plaintiff "fail[s] to include a proposed amended complaint or to detail the specific amendments to be added." *Gryder v. Freddie Mac*, 2022 WL 2828281, at *1 (E.D. Va. June 15, 2022); *see also Anderson v. United States*, 2016 WL 320076, at *5 (D.S.C. Jan. 27, 2016) (denying the motion to amend for failing to include a copy of the proposed amended

11

complaint). Here, Plaintiff merely asserts: "I will amend the complaint to reflect the due process claims and add the Court as a party." Dkt. 24. This is insufficient to prove to the Court that amendment is necessary.

Finally, "a federal court, its judges, and its staff are immune from suit" related to the performance of their duties. *Greene v. U.S. Dist. Court for E. District of Calif.*, 2023 WL 9275889, at *1 (D.D.C. Nov. 30, 2023). Moreover, this judicial immunity "is not overcome by allegations of bad faith or malice." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Thus, the Motion to Amend will be denied for all three of these reasons: (i) Plaintiff does not seek to refine her complaint, but to institute an entirely new case; (ii) Plaintiff has not identified any of the facts or legal theories underlying her alleged due process claims; and (iii) this District Court has judicial immunity.

## IV.  CONCLUSION

For the reasons discussed above, it is hereby ORDERED that Defendant's Motion to Dismiss (Dkt. 5) is GRANTED; and it is

FURTHER ORDERED that the Complaint (Dkt. 1) is DISMISSED; and it is

FURTHER ORDERED that Plaintiff's Motion to Amend (Dkt. 23) is DENIED; and it is

FURTHER ORDERED that Plaintiff's Motion to Recuse (Dkt. 27) is DENIED.

IT IS SO ORDERED.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order that Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

Alexandria, Virginia
February 19, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge