IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DANIELLE TAYLOR, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) )   Civil Action No. 1:24-cv-880 (RDA/LRV) |
| REVATURE LLC, | ) ) ) |
|     Defendant. | ) |

## ORDER

This matter comes before the Court on *pro se* Plaintiff Danielle Taylor's Motion for Miscellaneous Relief. Dkt. 32. On February 19, 2025, this Court issued a Memorandum Opinion and Order denying Plaintiff's Motion for Recusal, denying Plaintiff's Motion to Amend, and granting Defendant's Motion to Dismiss. Dkt. 31. In granting the motion to dismiss, the Court determined that Plaintiff's claims in this case constituted impermissible claims splitting from her claims in *Taylor v. Revature, LLC*, No. 1:22-cv-1153 (E.D. Va.) ("*Taylor I*"). *Id.* at 9-10. The Court further determined that any new claims in this case were time-barred. *Id.* at 11.

Plaintiff now seeks a refund of the $405 filing fee that she paid in this case. Dkt. 32. Plaintiff asserts that, an Order from *Taylor I*, instructing her to file her amended complaint – which had previously been attached as exhibit – as a "new docket entry" was confusing. Dkt. 33 at 1; *Taylor I*, Dkt. 44. Plaintiff cites no authority or basis on which to refund the filing fee. The filing fee is required by statute when a plaintiff initiates a new civil action. 28 U.S.C. § 1914. Here, that is what Plaintiff did – she initiated (improperly) a new civil action and paid the appropriate fee. As courts, recognize: "A filing fee is exactly that – a fee for filing a complaint. Paying the filing fee . . . does not guarantee any particular result." *McCaul v. Rathbone*, 2022 WL 3969949, at *1

1

(W.D.N.C. Aug. 30, 2022) (denying motion to refund a filing fee).[1]  Moreover, this not a circumstance where after Defendant notified Plaintiff of her error Plaintiff sought to withdraw the complaint in this action and to proceed in solely in *Taylor I*.  Rather, Plaintiff sought to litigate issues in this proceeding and amend the case to add the Court as a defendant.  Thus, refunding the filing fee is inappropriate.[2]

Accordingly, it is hereby ORDERED that the Motion (Dkt. 32) is DENIED.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Order.  A notice of appeal is a short statement indicating a desire to appeal, including the date of the order that Plaintiff wants to appeal.  Plaintiff need not explain the grounds for appeal until so directed by the court of appeals.  Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to forward copies of this Order to counsel of record for Defendants and to Plaintiff, who is proceeding *pro se*.

It is SO ORDERED.

Alexandria, Virginia
March 28, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge

---

[1] *See also Phelps v. Kimbrell*, 2023 WL 6621077, at *1 (M.D. Fla. Oct. 11, 2023) (noting that "District courts generally deny requests for refunds of filing fees properly collected under § 1914(a)"); *Duclairon v LGBTQ Cmty. & Grace Cmty. Church Klan*, 2018 WL 5085754, at *1 (D. Or. Oct. 17, 2018) ("Nothing in the statute, or any other statute, provides for the refund of a filing fee for any reason"); *Chaney v. Thompson*, 2023 WL 2562770, at *1 (E.D. La. Mar. 17, 2023) (citing cases and noting that "[m]ultiple courts have considered the issue and found that there is no statutory basis or precedent in the case law for returning a filing fee to a *pro se* plaintiff"); *Lopez v. Doe*, 2024 WL 5422706, at *1 (C.D. Cal. Feb. 29, 2024) ("Nothing in § 1914 provides for the refund of filing fees").

[2] In the future, if Plaintiff is truly indigent, Plaintiff may seek to proceed *in forma pauperis*, but such determinations are made on the basis of much more information than Plaintiff has provided here.  *See* Application to Proceed in District Court without Prepaying Fees or Costs, https://www.uscourts.gov/forms-rules/forms/application-proceed-district-court-without-prepaying-fees-or-costs-long-form (last visited March 27, 2025).